**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

TODD VINCENT,

      Petitioner,

    v.                      Civil action no. 1:04CV219
                             Criminal action no.  1:03CR30
                             (Judge Stamp)

UNITED STATES OF AMERICA,

      Respondent.

## OPINION/REPORT AND RECOMMENDATION

### I. PROCEDURAL HISTORY

On October 12, 2004, the petitioner, an inmate at FMC-Devens, by counsel, filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. §2255. On December 6, 2004, the petitioner, acting pro se, filed a form §2255 motion, which has been deemed a supplemental §2255 motion.[1]  On December 27, 2004, the petitioner filed Supplement to Amend Original §2255 motion to Correct Sentence.

This matter, which is pending before me for initial review and report and recommendation pursuant LR PL P 83.15, is ripe for review.

### A. Conviction and Sentence

The petitioner waived his right to have his case presented to the grand jury and entered a guilty plea to receiving child pornography through the mail in violation of 18

---

[1]The Court never received a notice of withdrawal of counsel from the petitioner's attorney.

U.S.C.2252(A)(a)(2)(A).

On October 9, 2003, the petitioner appeared before the Court for sentencing. The Court found a base offense level of 17 which it enhanced by 2 levels pursuant to U.S.S..G. §2G2.2(b)(5) because the petitioner used a computer to have a videotape depicting a 14 year old female engaging in sexual acts with an adult male sent to him via the U.S. mail. The Court reduced the offense level by 3 levels for acceptance of responsibility pursuant to U.S.S.G. §3E1.1(a) and (b). Based on an offense level of 16 and a criminal history category of I, the Court found a guideline range of 21-27 months imprisonment. The Court sentenced the petitioner to 21 months imprisonment. The petitioner did not appeal his conviction and sentence.

## B. Federal Habeas Corpus

In his initial motion, the petitioner asserts that based upon Blakely v. Washington, ___ U.S.___, 124 S.Ct. 2531 (2004), he should be re-sentenced because "the preliminary indicators from the Supreme Court are that they will strike down all or part of the federal sentencing guidelines." In his form motion, the petitioner specifies that the upward adjustment under U.S.S.G. §2G2.2(b)(5) is unconstitutional under Blakely.

In his Supplement to Amend Original §2255 Motion to Correct Sentence, the petitioner asserts that his attorney was ineffective for failing to raise an Apprendi argument.

## II. ANALYSIS

## A. Ineffective Assistance of Counsel.

The petitioner asserts that his attorney was ineffective because he failed to raise an Apprendi claim at sentencing.

With regard to claims of ineffective assistance of counsel, counsel's conduct is measured under the two part analysis outlined in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). First, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness. <u>Id.</u> at 688. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." <u>Id.</u> at 689-90.

Second, the petitioner must be prejudiced by counsel's performance. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u> at 694. If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. <u>Fields v. Att'y Gen. of Maryland</u>, 956 F.2d 1290, 1297 (4th Cir.), <u>cert. denied</u>, 506 U.S. 885 (1992).

The United States Supreme Court held in <u>Apprendi</u> that any factor other than prior convictions which increased the defendant's sentence beyond the statutory maximum must be submitted to the jury. The statutory maximum for the petitioner's offense is 15 years imprisonment. The petitioner's attorney was not ineffective for failing to raise an <u>Apprendi</u> issue because there was none to be raised. The petitioner was sentenced well below the statutory maximum of 15 years imprisonment. Thus, this claim is without merit.

## B. Blakely Claim

The petitioner asserts that his sentence violates <u>Blakely</u> and that he should be re-sentenced.

Blakely v. Washington, ____ U.S. ____, 124 S.Ct. 2531 (2004) as an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), holds that "when a judge inflicts punishment that the jury verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority." Blakely, ____ U.S. ____, 124 S.Ct. at 2537 (citations omitted).

Recently, the Supreme Court has held that Blakely applies to federal sentencing guidelines. United States v. Booker, ____ U.S. ____, 125 S.Ct. 738 (2005). Specifically, in Booker the Supreme Court issued a two part decision. In the first part, the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal. While the Supreme Court determined that both of its holdings in Booker applied to all cases on direct review, the Supreme Court did not address whether Booker applies retroactively to cases on collateral review.

However, the United States Supreme Court addressed the question of retroactivity regarding cases on collateral review, such as a §2255 motion, in Teague v. Lane, 489 U.S. 288 (1989). In Teague, the Court held that, absent exceptional circumstances, the general rule is that "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." Id. at 310. A conviction is final if "the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petitioner of certiorari

had elapsed." Id. at 295.

In the instant case, at the time the Supreme Court issued the Booker decision, the petitioner's conviction was final. Thus, the undersigned must determine whether Booker applies retroactively to the petitioner's §2255 motion. The undersigned finds that a decision from the Western District of Virginia, Lilly v. United States, 342 F. Supp. 2d 532 (W.D. Va. 2004), is instructive on the retroactivity issue. In Lilly, the district court addressed the retroactivity of Blakely and found that even if the Supreme Court held that the federal guidelines violated the Sixth Amendment, such ruling would not apply retroactively to cases on collateral review. In reaching this determination, the Lilly court stated as follows:

> In any case in which a petitioner wishes to make a claim based on a case decided by the Supreme Court after her conviction became final, the petitioner must show that the Supreme Court decision announced a new rule and that the new rule is retroactive to cases on collateral review. See Teague at 308, 109 S.Ct. 1060 (noting that "it has long been established that a final civil judgment entered under a given rule of law may withstand subsequent judicial change in that rule").
> In order to show that a Supreme Court decision announced a new rule, the petitioner must show that "the result was not *dictated* by precedent existing at the time the defendant's conviction became final." Id. at 301, 109 S.Ct. 1060. It seems clear from the reaction of the courts of appeals following Apprendi that it was not obvious that Apprendi required that sentencing enhancements, like those in the case at bar or in Blakely, must be found beyond a reasonable doubt by a jury. . . .It appears that this interpretation constitutes a new rule for purposes of determining retroactivity to cases on collateral review. Therefore, it becomes necessary to analyze this new rule under Teague.
> Once it has been determined that the Supreme Court announced a new rule, it is only in a narrow class of cases that the new rule will apply retroactively to cases on collateral review. See Schriro v. Summerlin, ___ U.S. ___, ___, 124 S.Ct. 2519, 2522, 159 L.Ed.2d 442 (2004). The petitioner must either show that the new rule is substantive, rather than procedural, see id., or show that the new rule is a "watershed rule[ ] of criminal procedure." Id. at 2523 (internal quotation reference omitted).
> In Summerlin, the Court found that Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), a case that extended Apprendi to aggravating factors in capital cases, was a new procedural rule and was not retroactive. ___ U.S. at ___, 124 S.Ct. at 2526-27. A similar analysis dictates that Blakely announced a new

procedural rule and is similarly non-retroactive.

In determining if a rule is substantive, a court must look for evidence that the rule "alters the range of conduct or the class of persons that the law punishes." Id. at 2523. The decision in Blakely did not change the type of conduct or the class of persons that the law punishes. Rather, the decision required either that a defendant admit or a jury find beyond a reasonable doubt all facts used to enhance a sentence above the statutory maximum. The procedure relating to how those facts were determined, a preponderance-of-the-evidence standard by a judge or a beyond-a-reasonable-doubt standard by a jury, is what was at issue in Blakely. Therefore, Blakely announced a new procedural rule.

* * *

In a very narrow core of cases, a procedural rule can be retroactive. This exception to the normal Teague rule is very rare, only occurring for "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." ___ U.S. at ___, 124 S.Ct. at 2524 (internal quotation reference omitted). Under Teague, this exception applies only "to those new procedures without which the likelihood of an accurate *conviction* is seriously diminished." Teague, 489 U.S. at 313, 109 S.Ct. 1060 (emphasis added). . . .

In Summerlin, the Court determined that the watershed question in Ring was "whether judicial factfinding so *seriously* diminishe[s] accuracy that there is an impermissibly large risk of punishing conduct the law does not reach." ___ U.S. at ___, 124 S.Ct. at 2525 (internal quotation reference omitted). The Supreme Court answered this question in the negative in its analysis of Ring. Id. The main difference between Ring and Blakely in this regard is the fact that Ring only dealt with the factfinder, while Blakely deals with both the factfinder and the standard of proof. Therefore, I must also determine whether or not the standard of proof in Blakely implicates the accuracy of the conviction impermissibly and thus requires retroactive application of the new rule to cases on collateral review.

The Supreme Court's determination that Ring is not retroactive is particularly instructive in analyzing Blakely because both Ring and Blakely are extensions of Apprendi. In fact, Ring and Apprendi are so closely related that Justice O'Connor opined that the Court's holding in Summerlin that Ring was not retroactive, applied even more strongly to Apprendi. See Blakely v. Washington, --- U.S. at ----, 124 S.Ct. at 2549 (O'Connor, J., dissenting). This would harmonize the Supreme Court with the courts of appeals, all of which have previously found that Apprendi did not apply retroactively to cases on collateral review. [footnote omitted]

***

The Supreme Court has noted that the watershed exception is an extremely narrow one. The Court stated that because "such procedures would be so central to an accurate determination of innocence or guilt, we believe it unlikely that many such components of basic due process have yet to emerge." Graham v. Collins, 506 U.S.

6

461, 478, 113 S.Ct. 892, 122 L.Ed.2d 260 (1993) (internal quotation reference omitted). In fact, the Supreme Court has not found a rule to be retroactive since the Court decided <u>Teague</u> in 1989. <u>See</u> <u>United States v. Mandanici</u>, 205 F.3d 519, 529 (2d Cir.2000) (citing eleven examples of new rules or proposed new rules in which the Supreme Court declined to find retroactivity).    For these reasons, I find that <u>Blakely</u> is a new procedural rule that does not meet the requirement of being a watershed rule of criminal procedure. This holding is in line with other federal district courts that have addressed this issue. Therefore, even assuming that <u>Blakely</u> invalidates sentences under the USSG, it will not apply retroactively to cases on collateral review.

<u>Id.</u> at 536-539). <u>See also</u>, <u>In re Anderson</u>, 396 F. 3d 1336 (11th Cir. 2005)(denied the petitioner's motion for leave  to file a second or successive §2255 motion because the Supreme Court has not made <u>Booker</u> retroactive to cases on collateral review); <u>United States v. Price</u>, 2005 WL 535361 (10th Cir. 2005)(<u>Booker</u> is a new procedural rule which does not apply retroactively); <u>McReynolds v. United States</u>, 397 F. 3d 479 (7th Cir. 2005)(<u>Booker</u> does not apply retroactively to initial §2255 motions as it is not a watershed rule of criminal procedure); <u>Humphress v. United States</u>, 2005 WL 433191  (6th Cir. 2005)(<u>Booker</u> is a new procedural rule which does not fall within the <u>Teague</u> exceptions to the nonretroactivity rule);  <u>Quiron v. United States</u>, 2005 WL 83832 (D. Me January 14, 2005)(citing <u>Lilly</u> and finding <u>Booker</u> does not apply retroactively); <u>Rucker v. United States</u>, 2005 WL 331336 (D. Utah 2005); <u>United States v. Johnson</u>, 353 F. Supp. 2d 656  (E.D. Va. 2005)(the petitioner's §2255 motion may be dismissed as untimely because <u>Booker</u> does not apply retroactively to collateral review).

However, in <u>United States v. Siegelbaum</u>,2005 WL 196526 (D. Or. 2005), Judge Panner of the United States District Court for the District of Oregon could not "exclude the possibility that the Court might apply <u>Blakely/Booker</u> retroactively in some situations." According to Judge Panner, <u>Summerlin</u> did not foreclose the retroactive application of <u>Booker</u> because <u>Summerlin</u> "addressed

only the allocation of factfinding responsibility between the judge and jury. There is a second component to Blakely/Booker that Schiro did not address, namely, that facts used to enhance a sentence, if not admitted, must be proved beyond a reasonable doubt rather than by a preponderance of the evidence." Judge Panner seems to opine that under Supreme Court precedent, In re Winship, 397 U.S. 358, 363 (1970), Ivan V. v. City of New York, 407 U.S. 203, 205 (1972), and Hankerson v. North Carolina, 432 U.S. 233 (1977), and the opinions of five of the Supreme Court justices, that the reasonable doubt standard applies to sentence enhancements, and thus, the application of the reasonable doubt standard would require retroactive relief. However, Judge Panner did not decide the retroactivity issue.

Despite Judge Panner's thoughts on retroactivity, the undersigned finds that based on Summerlin, Lilly, and McReynolds, Booker, as an extension of the reasoning in Apprendi, should also be barred from retroactive application on collateral review in a §2255 motion.

Additionally, the Supreme Court has held in a case involving a successive petition, for purposes of 28 U.S.C. § 2244(b)(2)(A), that only the Supreme Court could declare that a new rule of constitutional law is retroactively applicable to collateral review. See Tyler v. Cain, 533 U.S. 656 (2001). The Fourth Circuit has not limited Tyler to 2244(b)(2)(A) issues and has extended its reasoning to initial §2255 motions, as well. See San-Miguel v. Dove, 291 F.3d 257, 260 (4th Cir. 2002); See also Beamon v. United States, 189 F.Supp.2d 350 (E.D.Va.2002)(applying Tyler to discussion of whether Apprendi applies retroactively to initial §2255 motion). Accordingly, based on the reasoning in Tyler, Dove, and Beamon, the undersigned recommends that Booker be disallowed from retroactive application on collateral review, and that the petitioner's Blakely/Booker claim be denied.

8

## III. RECOMMENDATION

The undersigned recommends that the Court enter an Order **DENYING** the petitioner's §2255 motion and supplemental motions and dismissing the case from the docket.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of Court is directed to mail a copy of this Recommendation to the petitioner and counsel for the petitioner.

Dated: March *31*, 2005

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE